USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD VITRANO,

                Plaintiff,

- against -

STATE FARM INSURANCE CO.,

                Defendant.

---

08 Civ. 103

ORDER

JOHN G. KOELTL, District Judge:

The Court has received the plaintiff's "Motion to Strike Admiralty Jurisdiction U.S.C. 28 §1333 Proceed with Diversity Jurisdiction/Pursant to U.S.C. 28 §1332," which it attaches and forwards to the parties. The Civil Cover Sheet for the case indicates that the case arises under 28 U.S.C. § 1333. However, the Complaint makes clear that the asserted basis for this Court's jurisdiction is in fact 28 U.S.C. § 1332. Therefore, the Clerk is directed to designate this case as asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.

SO ORDERED.

Dated:    New York, New York
           February 29, 2008

                                              John G. Koeltl
                                     United States District Judge

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Richard Vitrano,       )
                       )
       Plaintiff,      )
                       )
   -vs-                )     Case No. 08-CV-00103
                       )     Judge John Koeltl
State Farm Insurance Company, )
                       )
       Defendant.      )

## MOTION TO STRIKE ADMIRALTY JURISDICTION U.S.C. 28 §1333
## PROCEED WITH DIVERSITY JURISDICTION/PURSUANT TO U.S.C. 28 §1332

COMES NOW, Plaintiff, Richard Vitrano, Pro Se, who move the Court correct the error in designation of the instant matter, (See Exhibit A)

A. In line 3 page 1 of the complaint the case is designated as Diversity Jurisdiction;

"Pursuant to Title 28 U.S.C. 28 §1332 this Court has jurisdiction based on diversity of citizenship and venue is United States District Court, Southern District of New York. This amount of judgement sought exceeds the statutory amount specified."

B. The matter is purely a contractual breach of contract issue and common law tort action.

C. Availability of admiralty jurisdiction over contract dispute derives not from circumstances surrounding alleged breach and attendant injury, but instead from whether relevant contractual relationship embodied in parties agreement incorporates uniquely maritime concern.

D. The designation of admiralty is a clear error in that the issues have no maritime of sea or oceans nexus whatsoever;  Footnote 1

## ANALYSIS

Ultimately, the source of the Court's jurisdiction over this case will control the parties right to a jury, should the matter proceed to trial.  In short, admiralty cases are customarily tried to the Court without a jury, see Fed.R.Civ.P. 38(e), Fitsgerald v. U.S. Lines Co., 374 U.S. 16, 20, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), while in a diversity action the parties are entitled to a jury trial should they so demand.

"Admiralty jurisdiction was created to provide a neutral federal forum and a uniform body of law to adjudicate rights and liabilities as they related to the trafficking of seafaring vessels."  See Atlantic Mutual Ins. Co. V. Balfour Maclaine Int'l, 968 F.2d 196, 199-200 (2d Cir. 1992)(citing Insurance Co. v. Dunham, 78 U.S. (11 Wall.) 1, 13, 20 L.Ed. 90 (1870); Benedict on Admiralty, §182 (1992).  In effect, "the fundamental interest giving rise to maritime jurisdiction is the protection of maritime jurisdiction is the protection of maritime commerce," id., at 200 (citing Sisson v.Ruby, 497 U.S. 358, 367, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990).  Any court evaluating the existence of such jurisdiction must consider "whether the subject matter of the dispute is so attenuated from

---

[1] Thomas J. Schoenbaum, Admiralty and Maritime Law §3-10 (4th ed. 2004) ("As to contracts, it has been well settled that the English rule which conceded jurisdiction...only to contracts made upon the sea and to be executed thereon [making locality the test] is entirely inadmissible, and that the true criterion is the nature and subject matter of the contract, as whether it was a maritime contract, having reference to maritime service or maritime transactions.")

the business of maritime commerce that is does not implicate the concerns underlying...maritime jurisdiction."

Of the six claims against State Farm Insurance Company;

1. Breach of contract.
2. Unjust enrichment.
3. Breach of Implied Warranty.
4. Fraud.
5. Breach of good faith and fair dealing.
6. Bad faith refusal to settle claim.

None of the above relate to admiralty. Given the absence of any justicable controversy involving marine activities, the generalized non-maritime nature of the State Farm Insurance policy, and the inapplicability of comparable tort law standards and the exercise of admiralty jurisdiction over this matter is error. The instant matter should be designated as a diversity action <u>not</u> an admiralty action.

WHEREFORE, the Plaintiff requests the Court find the admiralty cause of U.S.C. 28 §1333 inapplicable to this action and order the proceedings to continue pursuant to diversity jurisdiction U.S.C. 28 §1332.

Dated: February 25, 2008

Respectfully submitted,

Richard Vitrano, Pro Se
FPC McKean
P.O. Box 8000
Bradford, PA 16701

## CERTIFICATE OF SERVICE

    I affirm a copy of the Motion to Strike Admiralty Jurisdiction was furnished Mr. Howard J. Newman, Esq., at Saretsky, Katz, Dranoff and Glass, LLP, attorney's for State Farm Insurance Company at 475 Park Avenue South, 26th Floor, New York, New York 10016 via U.S. Mail on February 25, 2008.

                                                                Richard Vitrano, Pro Se