**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**Richard Vitrano,**

               **Plaintiff,**         08 CV 00103 (JGK)

      - against -               **MEMORANDUM OPINION**
                                               **AND ORDER**

**State Farm Insurance Company,**

               **Respondent.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Richard Vitrano, proceeding pro se, brings this diversity action against State Farm Insurance Company ("State Farm"). The plaintiff principally seeks compensatory and punitive damages allegedly arising out of State Farm's failure to pay his claim under a renters insurance policy. The plaintiff asserts several causes of action against the defendant, including breach of contract, unjust enrichment, breach of implied warranty, fraud, breach of good faith and fair dealing, and bad faith refusal to settle a claim. The defendant now moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.

In evaluating a motion to dismiss, a court may consider the allegations on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and documents upon which the complaint "solely relies" and which are "integral to [it]". See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). However, "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Both parties have filed documents and affidavits in connection with their pending motions.[1] Accordingly, the defendant's Rule 12(b) motion is converted into a motion for summary judgment under Rule 56.

Summary judgment may not be granted unless "the pleadings, the discovery and disclosure materials on file, and any

---

[1] Rule 12(d) provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." The defendant submitted a "Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings," dated March 28, 2008, that the Court could treat the defendant's motion to dismiss as a motion for summary judgment. This was presented along with the motion to dismiss. In response, the plaintiff submitted a memorandum and affidavit in "Opposition to Motion for Summary Judgment (On-the-Pleadings)." The plaintiff therefore had the opportunity to submit any evidence in response to the defendant's motion, and was on notice that the Court could convert the defendant's motion into one for summary judgment. See Rutigliano v. City of New York, No. 07 Civ. 4614, 2008 WL 110946, at *2 (S.D.N.Y. Jan. 2, 2008) ("[T]he essential inquiry [in converting a motion to dismiss to a summary judgment] is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment . . . .") (quoting Krijn v. Pogue Simone Real Estate Co., 896 F.2d 687, 689 (2d Cir. 1990) (internal quotation marks omitted).

affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Matican v. City of New York, 524 F.3d 151, 154 (2d Cir. 2008). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1994). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citation omitted); Gallo, 22 F.3d at 1223. In addition, the Court must give a pro se litigant special latitude in responding to a summary judgment motion. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). The Court must "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." Id. (internal quotation marks and citation omitted).

II.

There is no dispute as to the following facts, except as noted.

On April 26, 2005, the plaintiff was arrested by federal agents. While incarcerated, the plaintiff contacted State Farm to notify the company of the alleged theft of his property from his vacant apartment, and to file a claim under a State Farm insurance policy that he had purchased in 2003 and that was still in effect at the time of his arrest.[2] (See Newman Aff. ¶¶ 4-5; Compl. ¶¶ 4, 14.) On December 27, 2006, the plaintiff mailed an itemized claim to the State Farm agent, listing goods the plaintiff estimated as having a value of $167,175. (Compl. Ex. H.) On February 2, 2007, State Farm notified the plaintiff that it was investigating the claim. (Compl. Ex. I.) Pursuant to the investigation, a State Farm Insurance Investigator interviewed the plaintiff in March 2007. (Compl. ¶ 22.)

On October 16, 2007, State Farm advised the plaintiff that his claim was denied. (Compl. Ex. K.) State Farm stated that the plaintiff's insurance policy did not extend to theft, and that the plaintiff had violated the conditions of the policy by not providing immediate notice of the loss and by failing to cooperate with the company's requests for supporting documentation. In addition, State Farm stated that the

---

[2] The parties disagree on when notice of the claim was first given. According to the plaintiff, his assistant contacted State Farm about the claim on October 5, 2005, a private investigator that the plaintiff had hired met with State Farm on September 15, 2006 to discuss the claim, and the private investigator subsequently served a second claim notice on October 4, 2006. (Compl. ¶¶ 16-18.) According to the defendant, the plaintiff first notified the company of the claim on September 25, 2006. (Newman Aff. ¶ 7.)

plaintiff had not demonstrated an insurable interest in the property allegedly stolen and that the submission of the claim violated the policy provisions relating to concealment or fraud. Finally, as required by New York insurance regulations, State Farm notified the plaintiff that any lawsuit against the company must be brought within two years of the date of loss, pursuant to an endorsement to the plaintiff's insurance policy.  Id.

The plaintiff filed this action no earlier than November 19, 2007, the date the complaint is dated.[3]  The complaint seeks compensatory damages amounting to more than $150,000, plus interest, as well as costs, attorney fees, and punitive damages in excess of one million dollars.

### III.

The defendant argues that the plaintiff's action is time barred under the terms of the insurance contract.  The amendatory endorsement to the policy states that "[n]o action shall be brought unless . . . the action is started within two years after the occurrence causing loss or damage."  (Newman Aff. Ex. A.)  According to the defendant, the plaintiff's purported loss occurred on April 26, 2005, the date on which the federal agents allegedly seized the plaintiff's property, and

---

[3] The Pro Se Office of the Court received the Complaint on November 26, 2007. Because the plaintiff was incarcerated, the plaintiff would receive the benefit of the date he gave the complaint to prison officials.  See Houston v. Lack, 487 U.S. 266, 273-76 (1988).

5

therefore the plaintiff had two years from that date to file this lawsuit. Even assuming the loss occurred on October 5, 2005, the date the plaintiff claims he first filed notice of his loss, the defendant argues that the suit is still time-barred by the two-year period of limitations imposed by the contract.

New York Law generally allows parties to a contract six years to file suit for an alleged breach of contract. N.Y. C.P.L.R. § 213(2).[4] However, parties to a contract may agree to shorter limitations periods, which are normally enforceable when they are reasonable and in writing. See John J. Kassner & Co. v. City of New York, 389 N.E.2d 99, 103 (N.Y. 1979). Limitations periods as short as twelve months in insurance policies have been enforced. See, e.g., Blitman Const. Corp. v. Insurance Co. of N. Am., 489 N.E.2d 236, 237-38 (N.Y. 1985). Similarly, courts have enforced provisions where the limitations period runs from the date the loss occurred, and not from the date the claim was made or denied. See, e.g., Lichter Real Estate No. 3, L.L.C. v. Greater N.Y. Ins. Co., 841 N.Y.S.2d 93, 94 (App. Div. 2007). Failure to comply with a contractual limitations period will subject a breach of contract suit to dismissal, unless the plaintiff can show that the suit falls within an exception to the limitations period. See Enterprise

---

[4] There is no dispute that New York substantive law applies and the Court can accept the parties' agreement. See Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

6

Eng'g, Inc. v. Hartford Fire Ins. Co., No. 04 Civ. 5018, 2004 WL 2997857, at *2 (S.D.N.Y. Dec. 23, 2004) (quoting Minichello v. N. Assurance Co. of Am., 758 N.Y.S.2d 669, 670 (App. Div. 2003)). For example, if the plaintiff can demonstrate that the plaintiff was misled or lulled by the defendant into failing to bring the claim in a timely manner, the defendant may be equitably estopped from relying on the contractual limitations period. See id. at *3 (citing Satyam Imports, Inc. v. Underwriters at Lloyd's, No. 03 Civ. 4387, 2003 WL 22349668, at *2 (S.D.N.Y. Oct. 14, 2002)).

In this case, there are material issues of fact with respect to whether the defendant should be equitably estopped from relying on the policy provision. In his affidavit, the plaintiff alleges that Steve Nassivera, the State Farm Investigator who interviewed the plaintiff in March 2007, turned off his tape recorder during the interview, told the plaintiff that the claim would be paid, and asked the plaintiff to "please be patient." (Pl.'s Aff. ¶ 11.) In a responsive affidavit, Nassivera denies that he turned off his tape recorder or made these statements, but the conflicting allegations create an issue of fact as to whether the defendant misled or lulled the plaintiff into not bringing a timely claim. (Nassivera Aff. ¶ 5, Ex. 2 to Newman Aff.) Similarly, while State Farm sent at least two letters to the plaintiff or his representative

7

subsequent to his filing the insurance claim, indicating that State Farm was investigating the alleged loss without waiving its rights, neither letter in any way indicated that the plaintiff had to file suit within two years of his loss, even though the letters, dated February 2, 2007 and September 25, 2007, respectively, were close to or after the deadline for filing such suit.  Moreover, in the actual claim denial letter, dated October 16, 2007, State Farm reminded the plaintiff of his obligation to bring suit within two years after the occurrence causing the loss, but it did not point out that, in its view, the time to bring such an action had already passed.  The defendant's failure to notify the plaintiff of the deadline also raises a question of fact as to whether the defendant should be estopped from relying on the contractual limitations period.

IV.

The defendant is correct, however, that there is no merit to the plaintiff's causes of action for unjust enrichment, breach of implied warranty, fraud, breach of good faith and fair dealing, and bad faith refusal to settle a claim. All of the plaintiff's causes of action rest solely on the defendant's alleged failure to honor the insurance policy, which is a claim for breach of contract.  Under New York law, the plaintiff's claims for fraud and breach of the implied covenant

8

of good faith and fair dealing do not provide a distinct cause of action because they rest on the same allegations as the breach of contract claim.  See International Design Concepts, LLC v. Saks Inc., 486 F. Supp. 2d 229, 237 (S.D.N.Y. 2007) ("Where a fraud claim seeks to enforce no more [than] the breached promises and obligations of a contract . . . the claims are merely redundant and must be dismissed.") (internal quotation marks and citation omitted); Simon v. Unum Group, No. 07 Civ. 11426, 2008 WL 2477471, at *2 (S.D.N.Y. June 19, 2008) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based on the same facts, is also pled.") (quoting Harris v. Provident Life & Accidental Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002) (internal quotation marks omitted)).  Similarly, where there is an enforceable written contract governing the particular subject matter, claims based on quasi-contract theories like unjust enrichment do not provide a distinct basis for recovery.  See Spanierman Gallery, PSP v. Love, No. 03 Civ. 3188, 2003 WL 22480055, at *4 (S.D.N.Y. Oct. 31, 2003) (citing Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 516 N.E.2d 190, 193 (N.Y. 1987)).  Furthermore, New York law does not recognize an independent cause of action for bad faith denial of insurance coverage.  Core-Mark Int'l Corp. v. Commonwealth Ins. Co., No.

05 Civ. 183, 2005 WL 1676704, at *3 (S.D.N.Y. July 19, 2005); see also N.Y. Univ. v. Cont'l Ins. Co., 662 N.E.2d 763, 766-67, 769-70 (N.Y. 1995).  Because these causes of action are all duplicative of the plaintiff's breach of contract claim, they must be dismissed.[5]

Finally, the failure to pay a claim cannot provide the basis for a claim of punitive damages in the absence of egregious conduct on the part of the defendant that is actionable as an independent tort that is directed to the plaintiff, and that is part of a pattern of behavior aimed at the public generally.  See N.Y. Univ., 662 N.E. 2d at 767; A I Marine Adjusters, Inc. v. M/V Siri Bhum, No. 05 Civ. 7227, 2007 WL 760415, at *7 (S.D.N.Y. Feb. 8, 2007) (citing TVT Records v. Island Def Jam Music Group, 412 F.3d 82, 94 (2d Cir. 2005)).  The plaintiff has failed even to allege that the defendant's conduct was an independent tort or that it was part of any pattern of egregious behavior directed towards the public.  His punitive damages claim is therefore **dismissed**.

---

[5] The plaintiff also claims that the defendant breached an implied warranty of the contract by not honoring the insurance policy.  It is not entirely clear to what implied warranty the plaintiff is referring; reading the complaint liberally, the plaintiff may be arguing that State Farm implicitly warranted to pay for valid claims under the policy.  This claim merely restates the breach of contract claim and must also be dismissed.

10

CONCLUSION

For the reasons stated above, the defendant's motion for summary judgment on the plaintiff's breach of contract claim is **denied**. The defendant's motion to dismiss the plaintiff's claims of unjust enrichment, breach of implied warranty, fraud, breach of good faith and fair dealing, and bad faith refusal to settle a claim is **granted**. The defendant's motion to dismiss the plaintiff's claim for punitive damages is also **granted.**

The Court has considered the sur-reply filed by the plaintiff, which does not affect the outcome. The defendant's motion to strike this document is **denied** as moot.

The Clerk is directed to close Docket Nos. 10 and 14.

SO ORDERED.

Dated:   New York, New York
         July 7, 2008

                                    _____
                                    John G. Koeltl
                                    United States District Judge