UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————

RICHARD VITRANO,

                    Plaintiff,

          - against -

STATE FARM INSURANCE CO.,

                    Defendant.
————————————————————————

08 Civ. 103 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff, Richard Vitrano, brought this action to recover on a claim under his renter's insurance policy against the defendant, State Farm Insurance Co. ("State Farm"). State Farm moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Subject matter jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

I

    The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir.

1994).  "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.  The moving party bears the initial burden of informing the district court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The substantive law governing the case will identify those facts that are material and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment is appropriate if it appears that the non-moving party cannot prove an element that is essential to the non-moving party's case and on which it will bear the burden of proof at trial.  See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999); Celotex, 477 U.S. at 322; Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  See Matsushita Elec. Indus. Co. v.

<u>Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citing <u>United</u>
<u>States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962)); <u>see also</u>
<u>Gallo</u>, 22 F.3d at 1223.  Summary judgment is improper if there
is any evidence in the record from any source from which a
reasonable inference could be drawn in favor of the nonmoving
party.  <u>See</u> <u>Chambers v. T.R.M. Copy Ctrs. Corp.</u>, 43 F.3d 29, 37
(2d Cir. 1994).  If the moving party meets its initial burden of
showing a lack of a material issue of fact, the burden shifts to
the nonmoving party to come forward with "specific facts showing
a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  The non-
moving party must produce evidence in the record and "may not
rely simply on conclusory statements or on contentions that the
affidavits supporting the motion are not credible."  <u>Ying Jing</u>
<u>Gan v. City of New York</u>, 996 F.2d 522, 532 (2d Cir. 1993); <u>see</u>
<u>also</u> <u>Scotto v. Almenas</u>, 143 F.3d 105, 114-15 (2d Cir. 1998);
<u>Singh v. New York City Off-Track Betting Corp.</u>, No. 03 Civ.
5238, 2005 WL 1354038, at *1 (S.D.N.Y. June 8, 2005).


                                II

     The following facts are undisputed unless otherwise
indicated.

     Vitrano leased a loft residence at 344 Bowery, Apartment
Four, in New York City.  (Def.'s 56.1 Stmt. ¶ 1; Pl.'s 56.1
Stmt. ¶ 1.)  He purchased a renter's insurance policy on his

                                3

loft from State Farm on October 8, 2003.  (Def.'s 56.1 Stmt. ¶
2; Pl.'s 56.1 Stmt. ¶ 2.)  On April 26, 2005, federal agents
executed a search warrant for Vitrano's loft and arrested him.
(Def.'s 56.1 Stmt. ¶¶ 5-6; Pl.'s 56.1 Stmt. ¶¶ 5-6.)  Vitrano
claims that either the federal agents or some other person
subsequently stole his property, including paintings, money,
computers, and business records.  (Pl.'s 56.1 Stmt. ¶ 5.)  While
in jail, Vitrano hired a personal assistant, Kerry Bennett, who
contacted State Farm on Vitrano's behalf on October 5, 2005.
(Def.'s 56.1 Stmt. ¶¶ 7, 10; Pl.'s 56.1 Stmt. ¶¶ 7, 10.)  The
parties dispute the nature of Bennett's communication with State
Farm.  Vitrano alleges that Bennett called State Farm to give
notice of Vitrano's claim for stolen property under his renter's
insurance policy.  (Pl.'s 56.1 Stmt. ¶ 10.)  State Farm urges
that Bennett simply called to request information regarding
Vitrano's policy.  (Def.'s 56.1 Stmt. ¶ 10.)

On August 29, 2006, Vitrano filed a motion in this Court
against the United States for the return of his property that
was seized during the April 26, 2005 search.  (Mot. to Order
Return of Seized/Confiscated Property ("Mot. to Order Return"),
attached as Ex. 3 to the Newman Aff. dated Dec. 5, 2008.)
Vitrano argued that many items were "seized/confiscated" from
his loft and were "under the control of the Government,"
including a Rolex watch, cash, paintings, clothes, furniture,

appliances, personal items, and business records.  (Mot. to
Order Return 2.)  That motion was docketed as a separate civil
action and the parties consented to have it determined by
Magistrate Judge Francis.  In Vitrano v. United States, No. 06
Civ. 6518, 2009 WL 1011582, at *11 (S.D.N.Y. Apr. 14, 2009),
Magistrate Judge Francis ruled on the Government's motion for
summary judgment as to Vitrano's claims for five particular
paintings, the Rolex watch, and two amounts of cash.  Judge
Francis partially granted the Government's motion, allowing it
to keep the five paintings and to apply $351 in cash towards
Vitrano's outstanding restitution obligations.  Judge Francis
denied the motion as to the Rolex Watch and $875 in cash and set
an evidentiary hearing to determine issues of fact regarding
those items.

On September 19, 2006, Vitrano filed a state court action
against, among others, his landlord, his former co-lessee, Paul
Tsombanidis, and Tsombanidis's girlfriend, Sneha Amin, alleging
that his landlord allowed Tsombanidis and Amin to acquire
unlawfully the same list of property he demanded the United
States return in Vitrano's action in this Court.  (Pl.'s State
Court Compl., attached as Ex. 5 to the Newman Aff. dated Dec. 5,
2008, ¶ 15.)  The state court granted a motion to dismiss
Vitrano's claims, finding that because Tsombanidis had a right
to the apartment, the landlord was not negligent in allowing him

access.  (Vitrano v. 344 Bowery LLC, et al., attached as Ex. 1
to the Newman Aff. dated Dec. 5, 2008, 2.)

Vitrano sent State Farm a letter providing "preliminary
notice" of his claim on September 25, 2006.  (Def.'s 56.1 Stmt ¶
14; Pl.'s 56.1 Stmt ¶ 14.)  On December 27, 2006, Vitrano sent
State Farm an itemized list of missing items and made a claim
for $167,175.  (Def.'s 56.1 Stmt. ¶ 15; Pl.'s 56.1 Stmt. ¶ 15.)
Vitrano did not specify the cause of his loss.  (Pl.'s
Preliminary Notice Letter, attached as Ex. B to the Kelly Aff.;
Pl.'s Claim Letter, attached as Ex. C to the Kelly Aff.)
Vitrano's list of items was identical to the lists of items that
he claimed were seized by the United States and, alternatively,
were stolen by his co-lessee.  The lists differed only in the
quantity of a few items that were lost.  (Pl.'s Claim Letter;
Mot. to Order Return 2; Pl.'s State Court Compl. ¶ 15.)  State
Farm denied Vitrano's claim on October 16, 2007, on the grounds
that it was not provided immediate notice of his claim and that
Vitrano's policy excluded losses caused by the conduct of a
government agency.  (Kelly Aff. ¶ 11.)

Vitrano brought this action against State Farm asserting
various causes of action based on State Farm's rejection of his
claim.  In an opinion dated July 7, 2008, this Court granted
State Farm's motion to dismiss all of Vitrano's claims, except
for a breach of contract claim, on which the motion to dismiss

was denied.  State Farm now moves for summary judgment on that
claim, arguing that Vitrano did not provide it with timely
notice and that the doctrine of judicial estoppel prevents
Vitrano from arguing that his property was not seized by United
States agents, a loss that Vitrano's policy does not cover.
Alternatively, State Farm argues that its policy will not apply
if Vitrano argues that Tsombanidis and Amin may have stolen his
property because the policy does not cover thefts by people
"regularly residing" at the insured location (Pl.'s Policy,
attached as Ex. A to the Kelly Aff., 7).


                              III

     Under New York law, notice provisions such as the one in
State Farm's policy require that the claimant provide notice
within a reasonable time after the duty to provide notice
arises.  DiGuglielmo v. Travelers Prop. Cas., 776 N.Y.S.2d 542,
543-44 (App. Div. 2003).  The circumstances of this case,
including when Vitrano actually lost his property and when
notice was provided, are unclear.  For purposes of this action,
Vitrano argues that he does not know whether United States
agents or someone else took his property and whether that loss
occurred on the day of his arrest, April 26, 2005, or as late as
September 2005.  Vitrano also urges that his assistant provided
State Farm with notice of his claim on October 5, 2005.  State

Farm disputes this, pointing to its own records that show that Vitrano's assistant merely called to request information on his policy (Kelly Aff. ¶ 12.) and Vitrano's own September 25, 2006, letter to State Farm, in which he wrote that he was providing "preliminary notice" of his claim.  (Def.'s 56.1 Stmt. ¶ 14; Pl.'s 56.1 Stmt. ¶ 14.)  State Farm argues that the earliest Vitrano provided notice was in this September 2006 letter.

Vitrano's representation of what his assistant said to State Farm is hearsay.  Hearsay evidence may be considered in deciding a summary judgment motion if the party offering the evidence makes a showing that admissible evidence will be available at trial.  Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 924 (2d Cir. 1985).  Vitrano alleges that he has been in contact with his former assistant and she has agreed to provide an affidavit to the Court. (Vitrano Decl. of September 11, 2009 ¶ 12.)  While Vitrano's allegation of when notice was provided to State Farm is not credible in light of State Farm's records and Vitrano's September 2006 letter, the plaintiff should have an opportunity to obtain an affidavit from his assistant or to take a deposition from her.  Vitrano's contention that his property was not necessarily seized by the United States in April 2005, but rather may have been stolen by his co-lessee sometime as late as September 2005, together with his allegation that his assistant

provided State Farm notice in October 2005, creates an issue of
fact as to whether timely notice was given.  If the items were,
in fact, stolen sometime after the plaintiff's April 2005
arrest, he could not have been expected to report the loss in
April 2005.  Therefore, State Farm's motion for summary judgment
on the issue of lack of notice is denied without prejudice to
allow the plaintiff to conduct additional discovery.


                              IV

     Even if timely notice was provided, State Farm argues that
its policy does not cover losses caused by government agents and
Vitrano is precluded under the doctrine of judicial estoppel
from arguing that his property was not seized by federal agents.

     The Court of Appeals for the Second Circuit applied the
federal judicial estoppel doctrine in a diversity case in
Stichting v. Schreiber, 407 F.3d 34, 45-46 (2d Cir. 2005)
(applying test that prior court must have adopted party's
earlier position).  Further, courts of appeals in other circuits
have held that Erie principles do not apply to the doctrine of
judicial estoppel.  See Eastman v. Union Pacific R.R. Co., 493
F.3d 1151, 1156 (10th Cir. 2007) (holding that "federal court's
ability to protect itself from manipulation should not depend
upon the law of the state under which some or all of the claims

arise" and collecting cases).  Therefore, the federal judicial estoppel doctrine applies in this diversity case.

New York State's judicial estoppel doctrine requires that a party take a position inconsistent with a prior position and that a judgment was entered in that party's favor as a result of the prior court adopting the inconsistent position. See Kimco of New York, Inc. v. Devon, 558 N.Y.S.2d 630, 632 (App. Div. 1990). In contrast, the federal doctrine, as applied in this Circuit, requires only that the party to be estopped have argued an inconsistent position in a prior proceeding and that the prior court adopted that position.  Stichting, 407 F.3d at 45; see also Bates v. Long Island R.R. Co., 997 F.2d 1028, 1038 (2d Cir. 1993).  In Bates, the Court of Appeals noted that a policy consideration underlying the requirement that the party's position be adopted by the prior court is "avoiding the risk of inconsistent results in two proceedings."  Bates, 997 F.2d at 1038; see also New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (discussing elements of, and policy considerations underlying, judicial estoppel doctrine).

Here, Vitrano necessarily argued in his action against the United States that federal agents "seized/confiscated" his property on April 25, 2005.  (Mot. to Order Return 2.)  That claim is inconsistent with Vitrano's argument in this case that he does not know what happened to his property after his arrest.

(Pl.'s 56.1 Stmt. ¶ 5.)   The question remaining is whether
Vitrano was successful in convincing Judge Francis to adopt his
earlier position in Judge Francis's ruling on the Government's
motion for summary judgment.

The motion before Judge Francis did not address all of the
items Vitrano claimed were seized by the Government, but rather
only five particular paintings, his Rolex watch, and two amounts
of cash.  Vitrano, 2009 WL 1011582, at *1.  In discussing the
five paintings, Judge Francis plainly adopted Vitrano's
assertion that the Government possessed them:  "The government
currently retains in its custody five paintings whose fate is in
dispute."  Id. at *5.  Therefore, insofar as Vitrano relies on
the five paintings in his claim against State Farm in this
action, he is estopped from arguing that United States agents
did not seize them.[1]  Vitrano's insurance policy with State Farm
provides that State Farm does not insure "for any loss
consisting of . . . conduct . . . of any . . . governmental
body." (Pl.'s Policy 9.)  As a result, Vitrano has no breach of
contract claim against State Farm as to these paintings and

---

[1] Judge Francis also adopted Vitrano's position that the Government possessed
the $351 in cash, noting that neither party disputed that claim and granting
the Government's summary judgment motion that allowed it to apply the cash
Vitrano's existing restitution obligations.  Vitrano, 2009 WL 1011582, at *7.
Judge Francis also adopted Vitrano's assertion that the Government seized
fifty-seven additional paintings, which Vitrano later forfeited when he pled
guilty to the underlying offense.  Id. at *8.  Vitrano would be estopped from
arguing the Government did not seize the $351 or these paintings, but he did
not make a claim for these items in his December 2006 letter to State Farm
(Kelly Aff., Ex. C) and presumably does not rely on them in this action.

State Farm's motion for summary judgment is granted as to these items.

Vitrano also asserted that the Government seized his Rolex watch and $875 in cash, an allegation the Government contested. Judge Francis found that there was an issue of material fact as to whether the Government possessed these items and denied the Government's motion for summary judgment as to this property. Vitrano, 2009 WL 1011582, at *9.  Because Judge Francis did not adopt fully Vitrano's position on these items, but rather only held that an issue of material fact existed, his ruling does not create a concern over inconsistent judicial determinations. Therefore, the doctrine of judicial estoppel does not apply to these items.  Because an issue of fact remains on whether these items existed and whether they were seized by the government or stolen by someone else, State Farm's motion for summary judgment is denied with respect to Vitrano's Rolex watch and $875 in cash.

V

Except for the five paintings, Vitrano is not estopped by his federal action from arguing that his co-tenants stole his property, and that, therefore, his policy's exclusion for losses caused by government agents does not apply.  State Farm argues that, nonetheless, its policy also does not cover thefts by

people "regularly residing" at the insured location.  (Pl.'s
Policy 7.)  State Farm urges that the doctrine of judicial
estoppel applies again because Vitrano alleged in his state
court complaint that Tsombanidis and Amin had "occupied and
converted" his apartment "for their personal use" in April 2005.
(Pl.'s State Court Compl. ¶ 10.)  State Farm alleges that
Vitrano, therefore, is estopped from arguing that Tsombanidis
and Amin did not regularly reside at his apartment.  However,
the state court judge did not adopt Vitrano's contention that
Tsombanidis occupied and converted his apartment.  The state
court judge found only that regardless of whether Vitrano
notified his landlord that unauthorized people were living in
his apartment, the landlord had no legal duty to evict
Tsombanidis because Tsombanidis held a valid lease to the
apartment.  This argument, of course, was not advanced by
Vitrano, and the judge did not adopt Vitrano's assertions.
Therefore, the state court judge's decision has no estoppel
effect on Vitrano in this action.

     Moreover, the fact that Tsombanidis had a valid lease does
not mean that he or Amin "regularly resid[ed]" at Vitrano's
apartment.  Even Vitrano's unadopted assertion that Tsombanidis
and Amin "occupied and converted" his apartment (Pl.'s State
Court Compl. ¶ 10) would not necessarily mean they "regularly
resid[ed]" there for the purposes of State Farm's insurance

13

policy.  As a result, an issue of fact remains on whether

Tsombanidis and Amin regularly resided at Vitrano's apartment.

Therefore, State Farm's motion for summary judgment is denied as

to Vitrano's remaining property.


CONCLUSION

    For the reasons stated above, the motion for summary

judgment is **granted** with respect to the five paintings that were

seized by the United States.  The remaining portion of the

motion for summary judgment is **denied without prejudice** to allow

for additional discovery.  The Clerk is directed to close Docket

No. 29.

**SO ORDERED.**

**Dated:     New York, New York**
**           October 19, 2009**

John G. Koeltl
United States District Judge

14